# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| EDUARDO VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND AIRCRAFT INDUSTRIES, INC.<br><br>and<br><br>DIAMOND AIRCRAFT SALES U.S.A., INC.<br><br>Defendant. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

COMES NOW, Eduardo Vargas, and for his Complaint, states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Eduardo Vargas is a citizen of the State of Indiana.

2. Defendant Diamond Aircraft Industries, Inc., is a corporation organized under the laws of Ontario, Canada, with its principal place of business in Ontario, Canada.

    a. At all times relevant hereto, Defendant Diamond Aircraft Industries, Inc., was and is currently engaged in the design, manufacture, testing, overhaul, inspection, assembly, advertising, sale, promotion, and/or distribution of aircraft and its component parts for ultimate sale and/or use in the State of North Carolina, and its activity is substantial, purposeful, deliberate, and exploited the market of the State of North Carolina.

b. At all times relevant hereto, Defendant Diamond Aircraft Industries, Inc., has sold, delivered, and/or distributed its aircraft and component parts for ultimate sale and/or use in the State of North Carolina, to be used by a foreseeable class of users.

c. Defendant Diamond Aircraft Industries, Inc., initiated a flow of commerce into the State of North Carolina by its knowing and intended distribution and use of its aircraft, component parts, related products, and services within North Carolina and/or for the knowing use of the aircraft within the State of North Carolina.

d. At all times relevant hereto, Defendant Diamond Aircraft Industries, Inc., was acting by and through its agents, servants, and/or employees, each of whom were acting within the course and scope of their employment with Defendant Diamond Aircraft Industries, Inc.

e. Defendant Diamond Aircraft Industries, Inc. actively engages in business in the State of North Carolina. At all times relevant, Defendant Diamond Aircraft Industries, Inc. maintained a sales partner and/or distributor operating out of Raleigh, North Carolina, LifeStyle Aviation, that markets themselves as the "#1 Diamond Aircraft Dealer in the World" with over 1000 Diamond Aircraft sold.

f. At all times relevant, it was foreseeable to Defendant Diamond Aircraft Industries, Inc. that its aircraft would be used in the State of North Carolina.

3. Defendant Diamond Aircraft Sales, USA, Inc., is a corporation organized under the laws of Delaware with its principal place of business in Ontario, Canada. Defendant Diamond Aircraft Sales USA, Inc. is a wholly owned subsidiary of Diamond Aircraft Industries, Inc.

a. At all times relevant hereto, Defendant Diamond Aircraft Sales USA, Inc., was and is currently engaged in the advertising, sale, promotion, and/or distribution of aircraft

2

and its component parts for ultimate sale and/or use in the State of North Carolina, and its activity is substantial, purposeful, deliberate, and exploited the market of the State of North Carolina.

    b.    At all times relevant hereto, Defendant Diamond Aircraft Sales USA, Inc., has sold, delivered, and/or distributed its aircraft and component parts for ultimate sale and/or use in the State of North Carolina, to be used by a foreseeable class of users.

    c.    Defendant Diamond Aircraft Sales USA, Inc., initiated a flow of commerce into the State of North Carolina by its knowing and intended distribution and use of its aircraft, component parts, related products, and services within North Carolina and/or for the knowing use of the aircraft within the State of North Carolina.

    d.    At all times relevant hereto, Defendant Diamond Aircraft Sales USA, Inc., was acting by and through its agents, servants, and/or employees, each of whom were acting within the course and scope of their employment with Defendant Diamond Aircraft Industries, Inc.

4. Plaintiff Eduardo Vargas brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper under 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claim occurred in Asheville, North Carolina.

## COMMON ALLEGATIONS OF FACT

6. This action arises out of the catastrophic failure and crash of Defendant Diamond Aircraft Industries Inc. Aircraft DA 40 NG, FAA Registration N907L (hereinafter "Diamond Aircraft

N907L") on December 14, 2023 in Asheville, North Carolina, causing Eduardo Vargas serious and permeant injuries.

7. Diamond Aircraft N907L was manufactured in 2023 by Defendant Diamond Aircraft Industries, Inc.

8. On September 19, 2023, Defendant Diamond Aircraft Industries, Inc. transferred the title of Diamond Aircraft N907L to Defendant Diamond Aircraft Sales USA, Inc.

9. On September 28, 2023, Defendant Diamond Aircraft Sales USA, Inc. sold Diamond Aircraft N907L to LIFT Aircraft, LLC, a corporation organized under the laws of Indiana, with its principal place of business in Indianapolis, Indiana.

10. LIFT Aircraft, LLC entered into a lease agreement with Leadership in Flight Training Academy, LLC d/b/a LIFT Academy, a flight training school and a corporation organized under the laws of Indiana, with its principal place of business in Indianapolis, Indiana.

11. At all times relevant hereto, Plaintiff Eduardo Vargas was a student pilot at LIFT Academy.

12. On December 14, 2023, Eduardo Vargas, a student at LIFT Academy, was traveling with his flight instructor on a cross-country flight aboard Diamond Aircraft N907L. The two planned to depart from Myrtle Beach, North Carolina, and land in Knoxville, Tennessee, with their route taking them through North Carolina.

13. Shortly before 8:15 p.m., the flight instructor and Plaintiff Vargas felt a shudder followed by a loss of engine power of the aircraft.

14. The loss of power was accompanied by a loss of oil pressure and dual engine control unit (ECU) failure.

15. The flight instructor took control of the aircraft and used the checklist to restart the diesel engine.

16. The engine restarted momentarily, but lost power once again shortly thereafter.

17. The flight instructor was able to restart the engine again, but the cockpit filled with smoke before the engine lost power a final time.

18. The flight instructor was forced to make an emergency landing onto I-26 in Asheville, North Carolina.

19. Just prior to landing, Diamond Aircraft N907L struck an energized power line, and the airplane impacted the ground and caught fire.

20. At the time of the crash, Diamond Aircraft N907L had flown for only 95-flight hours.

21. Plaintiff Eduardo Vargas sustained serious and permeant injuries in the crash, including but not limited to spinal injuries for which he required emergency hospitalization and surgery.

## COUNT ONE
## NEGLIGENCE AGAINST DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.

22. Defendant Diamond Aircraft Industries, Inc. designed, manufactured, assembled, supplied, distributed, and/or sold Diamond Aircraft N907L and the component parts used therein in the course of its business.

23. Defendant Diamond Aircraft Industries, Inc. held itself out as an entity which could carefully and competently design, manufacture, select materials for, design maintenance programs for, inspect, supply, distribute, and sell aircraft and component parts.

24. Defendant Diamond Aircraft Industries, Inc. had a duty to use the degree of care that an ordinarily careful and prudent designer, manufacturer, and seller of helicopters and component parts would use under the same or similar circumstances.

25. Defendant Diamond Aircraft Industries, Inc. knew or by using ordinary care should have known of the potential of such dangerous conditions as was created by its failure to properly design, manufacture, and sell safe aircraft and its component parts.

26. At all times relevant, Defendant Diamond Aircraft failed to use reasonable care that a reasonably careful designer, manufacturer, seller, importer, distributor, and/or supplier would use under like circumstances.

27. At all times relevant, Diamond Aircraft N907L was being operated in a manner that was reasonably foreseeable.

28. At all times relevant, Defendant Diamond Aircraft Industries, Inc. introduced Diamond Aircraft N907L into the stream of commerce when it was defective in nature, and each defect was of such a nature that the defects would not be discovered in normal inspection and operation by users.

29. Defendant Diamond Aircraft Industries, Inc. was negligent in the following respects:

   a. Selecting, manufacturing, and supplying an unsafe aircraft and selecting, manufacturing, and supplying an unsafe engine for use in its aircraft;

   b. Failing to remedy a defect in the design and/or manufacture of Diamond Aircraft N907L, causing the aircraft to crash;

   c. Placing Diamond Aircraft N907L into the stream of commerce in a defective condition;

   d. Failing to take appropriate measures to eliminate or reduce the risk of dangerously or defectively designed or manufactured parts;

   e. Supplying and selling an unairworthy aircraft;

   f. And other and further ways that will be discoverable.

30. As a direct and proximate result of the negligence of Defendant Diamond Aircraft Industries, Inc., Plaintiff Eduardo Vargas sustained serious and permeant injuries in the crash,

including but not limited to spinal injuries for which he required emergency hospitalization and surgery and experienced past, present, and future pain and suffering for which he demands relief.

## COUNT TWO
## BREACH OF WARRANTY AGAINST DEFENDANT DIAMOND AIRCRAFT SALES USA, INC.

31. Defendant Diamond Aircraft Industries, Inc. designed, manufactured, assembled, supplied, distributed, and/or sold Diamond Aircraft N907L and the component parts used therein in the course of its business.

32. Diamond Aircraft N907L and its component parts were used in a manner reasonably anticipated by this Defendant and others.

33. Diamond Aircraft N907L and its component parts used therein were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses for reasons, including, but not limited to, the following:

    a. Selecting, manufacturing, and supplying an unsafe aircraft and selecting, manufacturing, and supplying an unsafe engine for use in its aircraft;

    b. Failing to remedy a defect in the design and/or manufacture of Diamond Aircraft N907L, causing the aircraft to crash;

    c. Placing Diamond Aircraft N907L into the stream of commerce in a defective condition;

    d. Failing to take appropriate measures to eliminate or reduce the risk of dangerously or defectively designed or manufactured parts;

    e. Supplying and selling an unairworthy aircraft;

    f. And other and further ways that will be discoverable

34. At all times relevant hereto, Defendant Diamond Aircraft Industries, Inc. failed to provide an adequate warning as to the dangers of use of the aircraft during catastrophic engine failure, which was then unreasonably dangerous.

35. At all times relevant hereto, Defendant Diamond Aircraft Industries, Inc. failed to adequately warn foreseeable users of the risk of harm from the defective design and/or manufacture of the aircraft that resulted in the catastrophic engine failure.

36. As a direct and proximate result of the negligence of Defendant Diamond Aircraft Industries, Inc., Plaintiff Eduardo Vargas sustained serious and permeant injuries in the crash, including but not limited to spinal injuries for which he required emergency hospitalization and surgery and experienced past, present, and future pain and suffering for which he demands relief.

## COUNT THREE
## NEGLIGENCE AGAINST DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.

37. Defendant Diamond Aircraft Sales USA, Inc supplied, distributed, and/or sold Diamond Aircraft N907L and the component parts used therein in the course of its business.

38. Defendant Diamond Aircraft Sales USA, Inc. held itself out as an entity which could carefully and competently inspect, supply, distribute, and sell aircraft and component parts.

39. Defendant Diamond Aircraft Sales USA, Inc. had a duty to use the degree of care that an ordinarily careful and prudent seller of helicopters and component parts would use under the same or similar circumstances.

40. Defendant Diamond Aircraft Sales USA, Inc. knew or by using ordinary care should have known of the potential of such dangerous conditions as was created by its failure to properly sell safe aircraft and its component parts.

41. At all times relevant, Defendant Diamond Aircraft Sales USA, Inc failed to use reasonable care that a reasonably careful seller, importer, distributor, and/or supplier would use under like circumstances.

42. At all times relevant, Diamond Aircraft N907L was being operated in a manner that was reasonably foreseeable.

43. At all times relevant, Defendant Diamond Aircraft Sales USA, Inc introduced Diamond Aircraft N907L into the stream of commerce when it was defective in nature, and each defect was of such a nature that the defects would not be discovered in normal inspection and operation by users.

44. Defendant Diamond Aircraft Sales USA, Inc. was negligent in the following respects:

a. Selecting and supplying an unsafe aircraft and selecting and supplying an unsafe engine for use in its aircraft;

b. Placing Diamond Aircraft N907L into the stream of commerce in a defective condition;

c. Failing to take appropriate measures to eliminate or reduce the risk of dangerously or defectively designed or manufactured parts;

d. Supplying and selling an unairworthy aircraft;

e. And other and further ways that will be discoverable.

45. As a direct and proximate result of the negligence Defendant Diamond Aircraft Sales USA, Inc., Plaintiff Eduardo Vargas sustained serious and permeant injuries in the crash, including but not limited to spinal injuries for which he required emergency hospitalization and surgery and experienced past, present, and future pain and suffering for which he demands relief.

## COUNT FOUR
## BREACH OF WARRANTY AGAINST DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.

46. Defendant Diamond Aircraft Sales USA, Inc supplied, distributed, and/or sold Diamond Aircraft N907L and the component parts used therein in the course of its business.

47. Defendant Diamond Aircraft Sales USA, Inc. held itself out as an entity which could carefully and competently inspect, supply, distribute, and sell aircraft and component parts.

48. Diamond Aircraft N907L and its component parts were used in a manner reasonably anticipated by this Defendant and others.

49. Diamond Aircraft N907L and its component parts used therein were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses for reasons, including, but not limited to, the following:

   a. Selecting, manufacturing, and supplying an unsafe aircraft and selecting, manufacturing, and supplying an unsafe engine for use in its aircraft;
   b. Failing to remedy a defect in the design and/or manufacture of Diamond Aircraft N907L, causing the aircraft to crash;
   c. Placing Diamond Aircraft N907L into the stream of commerce in a defective condition;
   d. Failing to take appropriate measures to eliminate or reduce the risk of dangerously or defectively designed or manufactured parts;
   e. Supplying and selling an unairworthy aircraft;
   f. And other and further ways that will be discoverable

50. At all times relevant hereto, Defendant Diamond Aircraft Sales USA, Inc failed to provide an adequate warning as to the dangers of use of the aircraft during catastrophic engine failure, which was then unreasonably dangerous.

51. At all times relevant hereto, Defendant Diamond Aircraft Sales USA, Inc. failed to adequately warn foreseeable users of the risk of harm from the defective design and/or manufacture of the aircraft that resulted in the catastrophic engine failure.

52. As a direct and proximate result of the negligence of Defendant Diamond Aircraft Sales USA, Inc., Plaintiff Eduardo Vargas sustained serious and permeant injuries in the crash, including but not limited to spinal injuries for which he required emergency hospitalization and surgery and experienced past, present, and future pain and suffering for which he demands relief.

## PUNITIVE DAMAGES

53. Plaintiff realleges paragraphs 1-52 of this Complaint and incorporates them herein by reference.

54. At all times relevant, the conduct of Defendants Diamond Aircraft Industries, Inc. and Diamond Aircraft Sales USA, Inc., as alleged above, was willful, wanton, and in reckless disregard of the rights of the Plaintiff and subjects Defendants to punitive damages, in such an amount as to reasonably punish Defendants for their conduct or to defer the Defendants and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff Eduardo Vargas demands judgment against Defendants Diamond Aircraft Industries, Inc. and Diamond Aircraft Sales USA, Inc., for compensatory damages, punitive damages, costs, and interests as allowed by law and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this the 15th day of July, 2024.

PANGIA LAW GROUP

*/s/ Amanda C. Dure*
Amanda C. Dure
N.C. Bar No. 48710
1717 N Street NW, Suite 400

Washington, D.C.
adure@pangialaw.com
(202) 955-6153