# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| EDUARDO VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND AIRCRAFT INDUSTRIES, INC.<br><br>and<br><br>DIAMOND AIRCRAFT SALES U.S.A., INC.<br><br>Defendants. | Case No. 1:24-cv-00190<br><br>**DEFENDANTS' ANSWER**<br><br>**Jury Trial Demanded** |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Diamond Aircraft Industries Inc. ("Diamond Industries") and Diamond Aircraft Sales U.S.A., Inc. ("Diamond Sales") (collectively "Defendants") hereby file their Answer to the Complaint filed by Plaintiff, Eduardo Vargas ("Plaintiff"), and would plead as follows:

## "PARTIES AND JURISDICTION"

1. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

2. Defendants admit Diamond Industries is a Canadian corporation, and its principal place of business is in Ontario, Canada.

   a. Defendants admit that Diamond Industries manufactured the DA 40 NG aircraft, registered as N907L. Defendants are not contesting specific jurisdiction for the purposes of this lawsuit. However, Defendants do not concede that the courts of North

1

Carolina have general jurisdiction or specific jurisdiction over Defendants for the purposes of any other lawsuit. Defendants' election not to contest personal jurisdiction in this lawsuit should not be construed as an admission of personal jurisdiction for the purposes of any other suit. To the extent necessary, Defendants deny the remaining averments in Paragraph 2a.

  b. Defendants admit Diamond Sales sold the DA 40 NG aircraft, registered as N907L. Defendants are not contesting specific jurisdiction for the purposes of this lawsuit. However, Defendants do not concede that the courts of North Carolina have general jurisdiction or specific jurisdiction over Defendants for the purposes of any other lawsuit. Defendants' election not to contest personal jurisdiction in this lawsuit should not be construed as an admission of personal jurisdiction for the purposes of any other suit. To the extent necessary, Defendants deny the remaining averments in Paragraph 2b.

  c. Defendants are not contesting specific jurisdiction for the purposes of this lawsuit. However, Defendants do not concede that the courts of North Carolina have general jurisdiction or specific jurisdiction over Defendants for the purposes of any other lawsuit. Defendants' election not to contest personal jurisdiction in this lawsuit should not be construed as an admission of personal jurisdiction for the purposes of any other suit. To the extent necessary, Defendants deny the averments in Paragraph 2c.

  d. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

  e. Defendants admit that Diamond Sales has a contractual relationship with Five Star Marketing, Inc. dba LifeStyle Aviation ("Lifestyle Aviation"), and Defendants admit LifeStyle Aviation has an office address in North Carolina. Defendants are not

contesting specific jurisdiction for the purposes of this lawsuit. However, Defendants do not concede that the courts of North Carolina have general jurisdiction or specific jurisdiction over Defendants for the purposes of any other lawsuit. Defendants' election not to contest personal jurisdiction in this lawsuit should not be construed as an admission of personal jurisdiction for the purposes of any other suit. To the extent necessary, Defendants deny the remaining averments in Paragraph 2e.

  f. Defendants are not contesting specific jurisdiction for the purposes of this lawsuit. However, Defendants do not concede that the courts of North Carolina have general jurisdiction or specific jurisdiction over Defendants for the purposes of any other lawsuit. Defendants' election not to contest personal jurisdiction in this lawsuit should not be construed as an admission of personal jurisdiction for the purposes of any other suit. Otherwise, Defendants deny the remaining averments in Paragraph 2f.

3. Defendants admit Diamond Sales is a Delaware corporation, and its principal place of business is in Ontario, Canada. Defendants further admit Diamond Sales is a wholly owned subsidiary of Diamond Aircraft Industries Inc.

  a. Defendants admit Diamond Sales sold the DA 40 NG aircraft, registered as N907L. Defendants are not contesting specific jurisdiction for the purposes of this lawsuit. However, Defendants do not concede that the courts of North Carolina have general jurisdiction or specific jurisdiction over Defendants for the purposes of any other lawsuit. Defendants' election not to contest personal jurisdiction in this lawsuit should not be construed as an admission of personal jurisdiction for the purposes of any other suit. Otherwise, Defendants deny the remaining averments in Paragraph 3a.

  b. Defendants admit Diamond Sales sold the DA 40 NG aircraft, registered as N907L. Defendants are not contesting specific jurisdiction for the purposes of this lawsuit. However, Defendants do not concede that the courts of North Carolina have general jurisdiction or specific jurisdiction over Defendants for the purposes of any other lawsuit. Defendants' election not to contest personal jurisdiction in this lawsuit should not be construed as an admission of personal jurisdiction for the purposes of any other suit. Otherwise, Defendants deny the remaining averments in Paragraph 3b.

  c. Defendants are not contesting specific jurisdiction for the purposes of this lawsuit. However, Defendants do not concede that the courts of North Carolina have general jurisdiction or specific jurisdiction over Defendants for the purposes of any other lawsuit. Defendants' election not to contest personal jurisdiction in this lawsuit should not be construed as an admission of personal jurisdiction for the purposes of any other suit. Otherwise, Defendants deny the averments in Paragraph 3c.

  d. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

4. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

5. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

### **"COMMON ALLEGATIONS OF FACT"**

6. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

7. Defendants admit that Diamond Industries manufactured the DA 40 NG aircraft, registered as N907L. As to the remaining averments in Paragraph 7, Defendants lack sufficient information to admit or deny the allegations. As such, the allegations are deemed denied.

8. Defendants admit that Diamond Industries transferred title of the DA 40 NG aircraft, registered as N907L, to Diamond Sales. As to the remaining averments in Paragraph 8, Defendants lack sufficient information to admit or deny the allegations. As such, the allegations are deemed denied.

9. Defendants admit that Diamond Sales sold the DA 40 NG aircraft, registered as N907L, to LIFT Aircraft, LLC. As to the remaining averments in Paragraph 9, Defendants lack sufficient information to admit or deny the allegations. As such, the allegations are deemed denied.

10. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

11. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

12. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

13. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

14. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

15. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

16. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

17. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

18. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

19. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

20. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

21. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

## "COUNT ONE
## NEGLIGENCE AGAINST DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC."

22. Defendants admit that Diamond Industries manufactured the DA 40 NG aircraft, registered as N907L. As to the remaining averments in Paragraph 22, Defendants lack sufficient information to admit or deny the allegations. As such, the allegations are deemed denied.

23. The allegations in Paragraph 23 call for legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny information or knowledge sufficient to form a belief as to the truth of allegations and accordingly deny the allegations therein.

24. The allegations in Paragraph 24 call for legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations of Paragraph 24.

25. Defendants deny the allegations of this Paragraph.

26. Defendants deny the allegations of this Paragraph.

27. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

28. Defendants deny the allegations of this Paragraph.

29. With respect to Paragraph 29(a) – (f), Defendants deny the allegations.

30. Defendants deny the allegations of this Paragraph.

## "COUNT TWO
## BREACH OF WARRANTY AGAINST DEFENDANT DIAMOND AIRCRAFT SALES USA, INC."

31. Defendants admit that Diamond Industries manufactured the DA 40 NG aircraft, registered as N907L. As to the remaining averments in Paragraph 31, Defendants lack sufficient information to admit or deny the allegations. As such, the allegations are deemed denied.

32. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

33. With respect to Paragraph 33(a) – (f), Defendants deny the allegations.

34. Defendants deny the allegations of this Paragraph.

35. Defendants deny the allegations of this Paragraph.

36. Defendants deny the allegations of this Paragraph.

## "COUNT THREE
## NEGLIGENCE AGAINST DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC."

37. Defendants admit that Diamond Sales sold the DA 40 NG aircraft, registered as N907L. Defendants deny the remaining averments in Paragraph 37.

38. The allegations in Paragraph 38 call for legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny information or knowledge sufficient to form a belief as to the truth of allegations and accordingly deny the allegations therein.

39. Defendants deny the allegations of this Paragraph.

40. Defendants deny the allegations of this Paragraph.

41. Defendants deny the allegations of this Paragraph.

42. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

43. Defendants deny the allegations of this Paragraph.

44. With respect to Paragraph 44 (a) – (e), Defendants deny the allegations.

45. Defendants deny the allegations of this Paragraph.

## "COUNT FOUR
## BREACH OF WARRANTY AGAINST DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC."

46. Defendants admit that Diamond Sales sold the DA 40 NG aircraft, registered as N907L. Defendants deny the remaining averments in Paragraph 37.

47. The allegations in Paragraph 47 call for legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny information or knowledge sufficient to form a belief as to the truth of allegations and accordingly deny the allegations therein.

48. Defendants lack sufficient information to admit or deny the allegations of this Paragraph. As such, the allegations are deemed denied.

49. With respect to Paragraph 49 (a) – (f), Defendants deny the allegations.

50. Defendants deny the allegations in this Paragraph.

51. Defendants deny the allegations in this Paragraph.

52. Defendants deny the allegations in this Paragraph.

## "PUNITIVE DAMAGES"

53. Defendants reassert their answers to Paragraphs 1-52 and incorporates them, by reference, as if set forth here in their entirety.

54. Defendants deny the allegations in this Paragraph.

55. As to the final, unnumbered paragraph on Page 11 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to recovery of any of the relief referenced.

## **AFFIRMATIVE DEFENSES AND ALLEGATIONS**

55. Subject to and without waiving the foregoing, Defendants assert the following affirmative defenses which, singly, or in combination, bar Plaintiff's right to recover, in whole or in part, the damages alleged in Plaintiff's Complaint.

56. Defendants assert that Plaintiff fails to state a claim for relief against Defendants.

57. Defendants assert that Plaintiff's damages were caused or contributed to by the direct and proximate negligence, fault or conduct of parties or persons other than Defendants and over whom Defendants have no control and for whose acts Defendants are not liable.

58. Defendants plead that the damages alleged in Plaintiff's Complaint were caused, in whole or in part, by the lack of ordinary care, contributory negligence and/or culpable conduct of Plaintiff.

59. Defendants assert that a superseding and/or intervening cause caused or contributed to all or a substantial portion of all Plaintiff's alleged damages.

60. Defendants plead that all warranties that are the subject of Plaintiff's claims were disclaimed.

61. Defendants assert that Plaintiff's claims are preempted in whole or in part by the comprehensive statutory scheme enacted by Congress, including without limitation, the Federal Aviation Act, and the comprehensive regulatory scheme enacted by the Federal Aviation Administration ("FAA") in the Federal Aviation Regulations and various FAA publications.

62. Defendants assert that, on information and belief, any aircraft, parts, components, or manuals furnished by Defendants conformed to applicable specifications and were free from defects in material and workmanship.

63. Defendants assert that any aircraft and/or components allegedly at issue were subject to pre-market licensing or approval by the federal government, or an agency of the federal government, and that Defendants complied with all of the government's or agency's procedures and requirements with respect to pre-market licensing or approval, and that after full consideration of the risks and benefits, the aircraft and/or components were approved by the government or agency.

64. To the extent North Carolina law is applicable to this lawsuit, Defendants assert the protections articulated in N.C. Gen. Stat. Ann. §99B-1, *et seq*.

65. Except as otherwise specifically admitted herein, Defendants deny the allegations and averments in Plaintiff's Complaint.

66. Plaintiff fails to state a claim for punitive damages against Defendants, as such, any award of punitive or exemplary damages is barred by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. Any award of punitive damages under the facts of this case would be unjustified and would constitute a denial of equal protection of the law, a denial of due process of law, and the imposition of an excessive fine.

67. Defendants reserve the right to assert any other additional affirmative defenses as become apparent through the course of discovery or otherwise permitted by the Rules of Civil Procedure.

## **JURY DEMAND**

68. Defendants hereby demand a trial by jury.

## PRAYER

Defendants pray that Plaintiff take nothing by way of his claims, that the Court award costs to Defendants, and for all other relief that the Court deems just and proper and to which Defendants are entitled.

Respectfully submitted,

/s/ *Alexander M. Gormley*
Alexander M. Gormley
N.C. State Bar No. 55312
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27601
Telephone: 919.981.4056
Facsimile: 919.981.4300
agormley@williamsmullen.com


M. Ross Cunningham (*pro hac vice* motion forthcoming)
Texas State Bar No. 24007062
Bryan S. David (*pro hac vice* motion forthcoming)
Texas State Bar No. 24031989
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: 214.646.1495
Facsimile: 214.613.1163
rcunningham@cunninghamswaim.com
bdavid@cunninghamswaim.com


**ATTORNEYS FOR DEFENDANTS DIAMOND AIRCRAFT INDUSTRIES INC. and DIAMOND AIRCRAFT SALES U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a on this 11th day of October 2024, the foregoing was served on all parties of record through the Court's CM/ECF system:

>*/s/ Alexander M. Gormley*
>Alexander M. Gormley